Taft, J.,
dissenting. The question in the instant case is not whether a bastardy action is a criminal proceeding, but whether it is a “civil action” within the meaning of Section 11420-9, General Code. It does not necessarily follow that a proceeding, action or case which is not a criminal proceeding, action or case must be such a “civil action.” It may be something else. Likewise, it does not necessarily follow that every “civil case” within the meaning of that term as used in Section 5 of Article I of the Constitution is a “civil action” within the meaning of Section 11420-9, General Code. It also may be something *74 else. The General Assembly specifically recognized this by including statutory provisions relative to bastardy under a division of the Code of 1910 entitled by the General Assembly “Quasi-criminal Actions” when it also entitled another division under the same title as “Civil Actions.”
We are of the opinion that the reasons, the decisions of this court and the statutes, referred to in the portion of the majority opinion prior to the reference therein to Duncan v. State, ex rel. Williams, fully support the conclusion that a bastardy action is not a “civil action” within the meaning of those words as used in Section 11420-9, General Code.
The actual holding in the Duncan case was that a bastardy action was “subject to the procedure provided in the Code of Civil Procedure” relative to error proceedings. Ey the words “code of civil procedure, ’ ’ this court in that case apparently meant that portion of the General Code entitled by the General Assembly ag “Part Third: Remedial.” The bastardy provisions in the Code are found in the portion of that part entitled by the General Assembly as “Title IV. Procedure in Common Pleas Court. Division VIII. Quasi-criminal Actions. ” The only provisions in Part Third of the General Code, which might have dealt with review of a judgment of the Common Pleas Court in a bastardy action when the Duncan case was decided, were those in the portion of that part entitled by the General Assembly as “Title VI. Proceedings in Error.” Certainly this court, in that case, did not hold that a bastardy action was a “civil action” within the meaning of Section 11420-9, General Code.
Our conclusion is that a unanimous verdict is required in a bastardy action.
Stbwábt and Middleton, JJ., concur in the foregoing dissenting opinion.